IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

JAYSON A. MITCHELL,

          **Petitioner,**

v.                                          Civil No.: 5:18CV83
                                            JUDGE STAMP
JOE COAKLEY,

          **Respondent**.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On May 7, 2018, the pro se Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate who is incarcerated at USP Hazelton and is challenging the validity of his sentence imposed in the United States District Court for the Northern District of Ohio. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### FACTUAL AND PROCEDURAL HISTORY[1]

**A. Conviction and Sentence**

On May 28, 2014, Petitioner was charged in a one-count indictment with illegal possession of a firearm in and affecting commerce by a felon, violating 18 U.S.C. § 922(g)(1). ECF No. 1. On August 6, 2014, Petitioner entered a guilty plea to the Indictment. ECF No. 32. There was no plea agreement.

---

[1] All CM/ECF references in the Factual and Procedural History refer to entries in the docket of Criminal Action No. 1:14cr183-JRA in the Northern District of Ohio.

A Presentence Investigation Report was prepared by the Probation Department. ECF No. 19. After summarizing the nature and circumstances of the offense, the Probation Officer included recommended offense level computations. More specifically, the Officer found that a base offense level of 24 applied under U.S.S.G. § 2k2.1(a)(2) because Petitioner had two previous felony convictions of a crime of violence or a drug trafficking offense. Two additional levels were added under U.S.S.G. § 2K2.1(b)(4) because the firearm had previously been stolen. Petitioner then received a three-level downward adjustment for acceptance of responsibility, making his final adjusted offense level 23. Petitioner's lengthy criminal history was summarized in the report. As an adult, he had seven prior criminal convictions. Three involved firearms: Carrying a Concealed Weapon, Robbery with Firearm Specification and Having Weapons while Under Disability. Petitioner was also convicted of Escape, Drug Possession and Drug Trafficking. This resulted in a total of 14 criminal history points. He was on community control at the time of the offense, and therefore, two additional points were added. With a total of 16 points, Petitioner was in Criminal History Category VI. Based on these calculations, Petitioner's advisory guideline range was 92-115 months imprisonment.

On November 20, 2014, Petitioner was sentenced to 100 month's imprisonment. ECF No. 33. The final judgment was entered on December 1, 2014. ECF No. 26.

### B. Direct Appeal

On December 7, 2014, Petitioner filed a timely notice of appeal. ECF No. 27. In his appeal, Petitioner argued that his sentence was substantively unreasonable. His sentence was affirmed on August 12, 2015. United States v. Mitchell, 620 F. App'x 430, 431 (6th Cir. 2015).

### C. Motion to Vacate under 28 U.S.C. § 2255

On March 9, 2016, Petitioner filed a motion under 18 U.S.C. § 2255 to vacate, set aside or correct his sentence. ECF No. 38. Relying on Johnson v. United States 135 S.Ct. 2551 (2015), Petitioner asked the District Court to find that his base offense level was improperly calculated, because it was based on a finding that he had two prior convictions of crimes of violence or controlled substance offenses. In addition, Petitioner alleged that portions of his criminal history points were improperly calculated under the sentencing guidelines, and his attorney was ineffective for not objecting and challenging this specific issue. Finally, Petitioner argued that it was improper to increase his offense level by two points for possession of a stolen firearm. He claimed that this issue was not submitted to a grand jury, returned by indictment and not proven at sentencing. Following the government's response [ECF No. 42], and the decision in Beckles v. United States, 137 S.Ct. 889, 890 (2017, the District Court rejected Petitioner's arguments and found that the Guidelines are not subject to vagueness challenges under the Due Process Clause. The Court declined to issue a Certificate of Appealability. ECF No. 45. On May 18, 2017, Petitioner filed a Notice of Appeal. ECF No. 49. On November 15, 2017, the Sixth Circuit Court of Appeals denied Petitioner's application for a certificate of appealability. ECF No. 54.

On May 31, 2018, Petitioner file another Motion under 28 U.S.C. § 2255 seeking to set aside, vacate or correct his sentence considering "Mathis, Johnson, Welch, Descamps, et al." ECF No. 56-1 at 1. On June 5, 2018, the District Court determined that the Motion to Vacate was successive and transferred the same to the Sixth Circuit. ECF No. 58. On September 11, 2019, the Sixth Circuit denied authorization to file a second or successive motion to vacate. ECF No. 59.

## II.   PETITIONER'S CLAIMS

In support of his § 2241 petition before this Court, Petitioner relies on one theory. In effect, he alleges that his prior convictions cannot serve as felony convictions for a crime of violence, and therefore, his baseline offense under §2k2.1 was not properly calculated. Petitioner alleges that his guideline calculation should have been a 13, putting him in a sentencing range of 33 to 41 months. Petitioner further argues that even if one of his prior Ohio convictions constituted a crime of violence, his sentencing range would be 63 to 78 months. For relief, Petitioner requests that the court "[c]orrect my sentence and sentence me in proper guidelines." ECF No. 1 at 8.

### III.   LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

As a pro se litigant, the Petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which

set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

**C. Post-Conviction Remedies and Relief**

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation

5

bar,[2] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[3] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

---

[2] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[3] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

## IV.   ANALYSIS

Although Petitioner does not address the savings clause, he is not entitled to its application. Because Petitioner is challenging his sentence in a § 2241, he must meet all

7

four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first, second, and third prongs of Wheeler, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[4] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [I]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion,

---

[4] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716.

Because Petitioner in this case was sentenced under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of § 2K2.1 of the guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause. Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of service this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  May 14, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE