IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAYSON A. MITCHELL,

    Petitioner,

v.   Civil Action No. 5:18CV83
(STAMP)
JOE COAKLEY,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The pro se[1] petitioner, Jayson A. Mitchell, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The petitioner is currently incarcerated at USP Hazelton in Bruceton Mills, West Virginia. In his petition, petitioner challenges the validity of his sentence imposed in the United States District Court for the Northern District of Ohio. ECF No. 1. Specifically, petitioner alleges that his prior convictions cannot serve as felony convictions for a crime of violence, and therefore, his baseline offense under United States Sentencing Guideline § 2K2.1 was not properly calculated. ECF No 1-1. Petitioner alleges that his guideline calculation should have been a 13, putting him in a sentencing range of 33 to 41 months. Id.

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

at 6.  Petitioner further argues that even if one of his prior Ohio convictions constituted a crime of violence, his sentencing range would be 63 to 78 months.  Id.  For relief, petitioner requests that the court "[c]orrect my sentence and sentence me in proper guidelines."  ECF No. 1 at 8.

This civil action was referred to United States Magistrate Judge James E. Seibert under Local Rule of Prisoner Litigation Procedure 2, and then reassigned to United States Magistrate Judge James P. Mazzone.  Magistrate Judge Mazzone issued a report and recommendation (ECF No. 12) recommending that the petitioner's petition (ECF No. 1) be denied and dismissed without prejudice.  The petitioner did not file objections to the report and recommendation.  For the following reasons, this Court affirms and adopts the report and recommendation in its entirety.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to findings where no objections were made, such findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld

2

unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

## III. Discussion

In his report and recommendation, the magistrate judge correctly noted that in the instant case, "[a]lthough Petitioner does not address the savings clause, he is not entitled to its application."  ECF No. 12 at 7.  The magistrate judge properly determined that because petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the Wheeler[2] test for this Court to have jurisdiction to hear his challenge on the merits.  Id. at 7-8.  The magistrate judge determined that "[i]n this case, even if Petitioner meets the first, second, and third prongs of Wheeler, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect."  Id. at 8.  Upon review, the magistrate judge concluded that "[b]ecause Petitioner in this case was sentenced under the post-Booker,[3] advisory Guidelines, regardless of whether this was a misapplication of § 2K2.1 of the guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause."  Id. at 9.  Thus, because the

---

[2]United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018).

[3]United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

3

magistrate judge determined that the petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, the magistrate judge properly concluded that his claim may not be considered under § 2241, and that this Court is without jurisdiction to consider his petition. Accordingly, the magistrate judge recommended that the petitioner's petition (ECF No. 1) be denied and dismissed without prejudice. Id. at 9.

Upon review, this Court finds no clear error in the determinations of the magistrate judge and thus upholds his recommendation.

IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 12) is AFFIRMED and ADOPTED in its entirety. Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is DENIED and DISMISSED WITHOUT PREJUDICE.

This Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

4

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 5, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE